FILED
2012 JUN -1 AM 10: 38
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| MATT McLANE <br><br> Plaintiffs <br><br> vs <br><br> ROBERTSON COUNTY, and ROBERTSON COUNTY EMERGENCY MEDICAL SERVICES And HOWARD BRADLEY, individually and as County Mayor <br><br> Defendants | NO. 3:12cv558 <br> JUDGE <br> MAGISTRATE |

## COMPLAINT

Comes now Plaintiff by and through counsel, and brings this cause of action against the Defendants, both jointly and severally, for all injuries and damages sustained by the Plaintiff and would respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court's jurisdiction over this action is conferred by 28 U.S.C. 1331, 28 U.S.C. 1337, 28 U.S.C. 1343, and 42 U.S.C. 1983, 28 U.S.C. 1367(a) which confers supplemental jurisdiction on this Court to entertain Plaintiff's state law claims.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391.

3. Each and all of the acts of the Defendants involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, policies, customs

and usages of the United States of America, the State of Tennessee, and Robertson County, under the color of law and by virtue of their authority as officials of Robertson County.

## PARTIES

4. Plaintiff is an adult citizen of Robertson County, Tennessee.

5. Defendant, Robertson County, is a governmental entity which, among other things, oversees the operation of Defendant Robertson County Emergency Medical Services under and by virtue of the authority of the laws of the State of Tennessee. Defendant is under a duty to run its activities in a lawful manner and to preserve to citizens their clearly established rights, privileges and immunities secured to them by the Constitutions of the United States and the State of Tennessee.

6. Defendant, Howard Bradley, is responsible for overseeing the daily operations of the County as Mayor including, but not limited to, employment decisions affecting those individuals such as Plaintiff working in the Robertson County Emergency Services.

## FACTS

Plaintiff adopts and incorporates by reference herein each and every action of this Complaint as if fully set forth herein verbatim.

7. Plaintiff was hired by Defendant, Robertson County Emergency Medical Services, in or about December 2009.

8. Plaintiff was promoted to Director of Robertson County Emergency Medical Services in or about January 2011. Plaintiff served in this capacity until his demotion in August of 2012.

9. During his employment Robertson County Emergency Medical Services provided services to the general public including limited medical treatment and transportation to and from

various hospitals including North Crest Medical Center for higher level care. Defendant, Robertson County Emergency Medical Services, was to be compensated for providing services and transportation from patients' insurers including, but not limited to, Medicare and Tenncare. Both of these coverage plans receive State and Federal funding.

10. In order for Robertson County Emergency Medical Service to be reimbursed by Medicare or Tenncare for transportation of patients, the transportation must have been for an emergency need or after obtaining prior approval from the insuring agencies. North Crest Medical Center was failing to obtain prior approval for patient transportation leaving Robertson County Emergency Medical Service unpaid for services rendered.

11. Robertson County Emergency Medical Services began declining to transport non-emergency patients unless North Crest Medical Center had obtained prior approval from the patients' insurer. At this point North Crest Medical Center changed its procedure for securing transportation of patients by Robertson County Emergency Medical Services. When Robertson County Emergency Medical Services would decline transportation of a non-emergency patient without prior approval, North Crest Medical Center would call Defendant back and report the patient as an "emergency transport" even though the patient's condition had not changed.

12. After Plaintiff's promotion to the Director's position he made several attempts to speak with officers of North Crest Medical Center to discuss its practices and to relay the fact that Robertson County Emergency Medical Services might ultimately cease being reimbursed for services due to North Crest's failure to get pre-approval on non-emergency patients. North Crest Medical Center's officers declined his attempts.

13. Plaintiff also met with Defendant Mayor Howard Bradley about the issue of failure to get pre-approval and changing a patient's classification from non-emergency to

emergency to avoid having to get pre-approval. Defendant Howard Bradley was serving on the Board of Directors of North Crest Medical Center. The Center did not change its practices.

14. Plaintiff contacted State Legislators to ensure he had a proper understanding of the pre-approval process. He received information confirming his interpretation and implementation of the process.

15. Plaintiff continued to voice his opposition to this practice only to be demoted to Assistant Director in or about August 2011.

16. After his demotion, Plaintiff continued to object to public officials about the ongoing practice by North Crest Medical Center and the County to receive reimbursement for transporting non-emergency patients. Plaintiff was terminated in or about March 2012.

## COUNT I

Plaintiff adopts and incorporates by reference herein each and every action of this Complaint as if fully set forth herein verbatim.

17. Defendants committed the above described actions and/or omissions under the color of law and by virtue of their authority as officials of Robertson County and substantially deprived the Plaintiff of his clearly established rights, privileges and immunities guaranteed to his as citizens of the United States in violation of 42 U.S.C Section 1983, and deprived the Plaintiff of the rights guaranteed to his by the First and Fourteenth Amendments of the United States Constitution including, but not limited to:

    a.    Deprivation of their right to the pursuit of life, liberty and happiness protected under the Fourteenth Amendment;
    c.    Unlawful taking of his property and property interest in employment without due process of law protected under the Fourteenth Amendment;

  d. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society protected under the Fourteenth Amendment;
  e. Freedom from intentional differential treatment without a legitimate governmental basis protected under the equal protection clause of the Fourteenth Amendment;
  f. Freedom from selective enforcement and treatment protected under the equal protection clause of the Fourteenth Amendment.
  g. Freedom from unequal enforcement of the laws based on animosity and ill-will protected under the equal protection clause of the Fourteenth Amendment.

  18. As previously set forth herein, the Defendants actions were motivated by ill-will, malice and spite towards the Plaintiff due to complaints of fraud against Medicare and Tenncare. Plaintiff submits that this is an impermissible basis for the Defendants actions and has resulted in his being singled out for harsher treatment than other employees of Robertson County and Robertson County Emergency Medical Services, and other citizens in the State of Tennessee, in violation of their constitutional rights.

  19. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff sustained injuries and damages.

## COUNT II

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

  20. The Robertson County Emergency Medical Service and Robertson County is under a duty to run its operations and emergency services in a lawful manner, preserving to the citizens of Robertson County the rights, privileges and immunities guaranteed to them by the Constitutions of the United States of America and the State of Tennessee and the laws of the United States of America and the State of Tennessee.

21. As set forth herein, Defendants adopted, permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice or custom of its officials, including the individual defendant, violating the constitutional rights of the public at large, including Plaintiff.

22. Defendants are directly liable for the constitutional violations committed against the Plaintiff because the constitutional violations were committed by the official policy makers for the Robertson County Emergency Medical Services, Robertson County and Defendant Howard Bradley.

23. Further, Defendants are liable for the actions of the individual Defendants and other officers and employees of the Robertson County Emergency Medical Service and Robertson County because the Defendants instituted an official policy, practice, custom and campaign of harassment and intimidation against Plaintiff for the express purpose of precluding the Plaintiff from being employed.

24. Alternatively, the Defendants are liable for the actions of the individual Defendants under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, and contract and as a result of their non-delegable duty to provide officials who comply with the constitution and laws of the United States and the State of Tennessee.

25. As a direct and proximate result of the foregoing policies, practices and customs of the Robertson County Emergency Medical Service and Robertson County, the Plaintiffs constitutional rights were violated they were injured and damaged.

### COUNT III

Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

26. Defendants did knowingly intimidate and harass the Plaintiff as a result of the free exercise and enjoyment of his constitutional rights under the First and Fourteenth Amendment of the United States Constitution.

27. Defendants are jointly and severally liable to the Plaintiff for all of their damages, including punitive damages, loss of income, emotional distress and attorney fees and costs.

## COUNT IV

Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

28. Defendants did knowingly intimidate and harass the Plaintiff with the express purpose of interfering with his employment relationship with Robertson County Emergency Service and Robertson County.

29. In particular, the Defendants, individually and collectively, knew that the Plaintiff had an employment relationship with Defendants, that the Defendants intended to interfere with the relationship by engaging in a pattern and practice of harassing Plaintiff, that the Defendants' motive for terminating Plaintiff was improper as Plaintiff was engaged in protected activity and Plaintiff has sustained damages as a result of the Defendants conduct. Therefore, Defendants conduct alleged herein constitutes the tortuous interference with existing and future business relations entitling the Plaintiffs to damages.

## COUNT V

Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

30. Defendants conduct alleged herein was willful, intentional, reckless, malicious and fraudulent entitling the Plaintiffs to a substantial award of punitive damages.

## COUNT VI

Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

31. Defendants have continuously interfered with Plaintiff's employment relationship with improper motive or means, and that Defendants had knowledge of this relationship and have, through their conduct, caused Plaintiffs to have suffered damage.

## COUNT VII

32. The common law of Tennessee prohibits an employer from discharging or otherwise punishing it employees if to do so would be contrary to public policy. Plaintiff's discharge, motivated by his opposition to illegal activity and reports of fraud is against the public policy of Tennessee. Defendants' retaliated against Plaintiff for his actions by demoting and then terminating his employment.

## COUNT VIII

33. The Defendants' acts in demoting and terminating Plaintiff implicated a fundamental public policy concern. Defendants' actions violated the Tennessee Public Protection Act T.C.A. 50-1-304.

## DAMAGES

Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

34. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional and state law rights were violated he was injured and damaged. Plaintiff seeks recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled under both state and federal law for the injuries and damages and which include, but are not limited to, the following:

    a. Physical Pain and Suffering of a past, present and future nature;
    b. Emotional Pain and Suffering of a past, present and future nature;
    c. Loss of Enjoyment of Life of a past, present and future nature;
    d. Lost profits, earning and wages;
    e. Punitive damages against the applicable Defendants;
    f. Embarrassment and humiliation and harm to their personal and professional reputation;
    g. Statutory and Discretionary Costs;
    h. Attorney's fees;
    i. A declaratory judgment that the acts and conduct herein was unconstitutional;

j. Injunctive relief precluding the Defendants from engaging the conduct complained of herein in the future and requiring Robertson County to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct;

k. All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

35. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the Defendants, both jointly and severally, for his injuries and damages and prays for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

36. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues Defendants, both jointly and severally and prays for a judgment against the applicable Defendants for punitive damages in an amount to be determined by a jury as reasonable to punish the Defendants and deter others from engaging in similar conduct and for all such further relief, both general and specific, to which he may be entitled under the premises.

37. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted,

ANDY L. ALLMAN & ASSOCIATES

Andy L. Allman (17857)
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
(615) 824-3761
andylallman@comcast.net